**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5274-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS A. PEREZ,

    Defendant-Appellant.

_____

        Submitted July 13, 2017 — Decided July 24, 2017

        Before Judges Yannotti and Haas.

        On appeal from Superior Court of New Jersey,
        Law Division, Atlantic County, Indictment No.
        12-12-2900.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Monique Moyse, Designated
        Counsel, on the brief).

        Damon G. Tyner, Atlantic County Prosecutor,
        attorney for respondent (Nicole L. Campellone,
        Assistant Prosecutor, of counsel and on the
        brief).

PER CURIAM

Defendant Luis A. Perez appeals from an order entered by the Law Division on June 20, 2016, denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In December 2012, an Atlantic County grand jury returned Indictment No. 12-12-2900, charging defendant with the first-degree murder of Joseph Hurt (Hurt), N.J.S.A. 2C:11-3(a)(1) and (2) (count one); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count two); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three). The charges arose out of an incident that occurred on April 9, 2012, during which defendant shot and killed Hurt.

The court listed the matter for trial on March 17, 2014. On March 14, 2014, the State provided the defense with discovery. Defendant's attorney reviewed the evidence with defendant on the morning of March 17, 2014. That day, defendant and the State reached an agreement and defendant pled guilty to count one in Indictment No. 12-12-2900, which was amended to charge first-degree aggravated manslaughter, N.J.S.A. 2C:11-4.

Defendant also pled guilty to charges in two other indictments in which he was charged with two counts of fourth-degree possession of a controlled dangerous substance with intent to distribute. The State agreed to recommend an aggregate sentence of fifteen to twenty years of incarceration, with a period of parole

ineligibility as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and to dismiss the other charges in the three indictments.

On July 17, 2014, defendant moved to withdraw his plea, arguing that the evidence the State had provided on March 14, 2014, showed that he had a colorable claim of self-defense. According to defendant, the evidence indicated that Hurt was a violent man who had been abusive to his girlfriend.

Defendant asserted that the evidence showed that Hurt had been seeking to acquire a gun through illegal means to commit a crime, and Hurt had been in contact with drug dealers to provide his girlfriend with a regular supply of drugs. Defendant claimed the evidence indicated that Hurt had been looking for defendant because of a prior dispute, and he "tussled" with defendant before the shooting.

On July 18, 2014, Judge Bernard E. DeLury denied the motion, finding among other things, that defendant did not raise a colorable claim of self-defense. The judge then sentenced defendant in accordance with the plea agreement to eighteen years of incarceration, with a NERA period of parole ineligibility. The judge dismissed the other charges in the three indictments.

Defendant filed a direct appeal from the judgment of conviction dated July 25, 2014, and the appeal was heard on our

excessive sentence oral argument calendar. R. 2:9-11. We affirmed the denial of defendant's motion to withdraw his plea and the sentence imposed. State v. Perez, No. A-5903-13 (App. Div. Mar. 10, 2015).

In April 2015, defendant filed a pro se petition for PCR. Defendant claimed he was denied the effective assistance of counsel, and he sought an evidentiary hearing on his petition. The trial court appointed counsel for defendant. On April 27, 2016, Judge DeLury heard oral argument in the matter.

On June 20, 2016, the judge filed a letter opinion in which he found that defendant had not presented a prima facie case of ineffective assistance of counsel and an evidentiary hearing was not required. The judge entered an order dated June 20, 2016, denying PCR. This appeal followed.

On appeal, defendant raises the following argument:

> POINT ONE
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

We reject defendant's argument and affirm the order denying PCR substantially for the reasons stated by Judge DeLury in his thorough and comprehensive letter opinion dated June 20, 2016. We add the following.

A-5274-15T4

A hearing on a PCR petition is only required when a defendant establishes "a prima facie case in support of [PCR]," the court determines that there are disputed issues of material fact "that cannot be resolved by reference to the existing record," and the court finds that "an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 355 (2013) (noting that under Rule 3:22-10(b), an evidentiary hearing on a PCR petition is only required when a defendant presents a prima facie case for relief).

Here, defendant raised a claim of ineffective assistance of counsel. To prevail on such a claim, a defendant must meet the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the test requires a defendant to show that his or her attorney's performance was deficient. Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

To do so, a defendant must establish that counsel's alleged acts or omissions "were outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695. This requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

To satisfy the second prong of Strickland, the defendant "must show that the deficient performance prejudiced the defense." Ibid. The defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

The Strickland test applies when a defendant seeks to set aside a guilty plea based on ineffective assistance of counsel. State v. DiFrisco, 137 N.J. 434, 456-57 (1994) (citing Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 371, 88 L. Ed. 2d 203, 210 (1985)); see also State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (citing DiFrisco, supra, 137 N.J. at 457).

To obtain relief, the defendant must show that: (1) defendant's handling of the matter was not "within the range of competence demanded of attorneys in criminal cases." Id. at 457 (quoting Tollett v. Henderson, 411 U.S. 258, 266, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235, 243 (1973)). The defendant also must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." Ibid. (alteration in original)

(quoting Hill, supra, 474 U.S. at 59, 106 S. Ct. at 370, 88 L. Ed. 2d at 210).

On appeal, defendant argues that his attorney was ineffective because he allegedly failed to communicate adequately with him about the case. He claims his attorney did not adequately review the discovery materials with him and failed to review the possible defenses. Defendant contends that this led him to enter a "uninformed plea."

Defendant notes that the State produced discovery three days before he entered his plea. He contends this timeframe shows his attorney could not have properly investigated his "defense options." He asserts that the discovery provided by the State shows he had a viable claim of self-defense.

However, as Judge DeLury noted in his opinion, when defendant entered his plea, he asked defendant whether he had reviewed the indictment and the evidence in the case with his attorney. Defendant replied, "Yes." In addition, defendant told the judge that he was satisfied with the services provided by his attorney and with the plea agreement that was placed on the record.

Thus, the judge properly rejected defendant's claim that his attorney had not adequately reviewed the evidence with him. The claim was, as the judge found, merely a "bald assertion[]" unsupported by the record. See State v. Cummings, 321 N.J. Super.

154, 170 (App. Div. 1999) (noting that defendant must do more than present "bald assertions" to support a claim of ineffective assistance of counsel), certif. denied, 162 N.J. 199 (1999).

The record also supports the judge's conclusion that trial counsel made a reasonable, strategic decision to negotiate a favorable plea agreement with the State rather than risk going to trial and asserting self-defense. The judge explained that based on the evidence and the requirements of N.J.S.A. 2C:3-4(a), it was unlikely that a claim of self-defense would have been successful.

The judge observed that there was no evidence showing that Hurt had been attempting to use deadly force against defendant. The evidence showed that on April 9, 2012, defendant and Hurt had a verbal disagreement during the day, and Hurt later went to defendant's house to continue the argument.

Although there was some evidence that defendant had a "tussle" with Hurt, there was no evidence that defendant or Hurt had any visible injuries. Furthermore, there was no evidence that Hurt was attempting to rob defendant, and Hurt was not found to be in possession of any of defendant's property.

The judge also pointed out that there was "strong evidence" that defendant had time to retreat in complete safety, thereby precluding the assertion of a claim of self-defense. The judge wrote:

> The facts show that after the initial argument with [Hurt], [defendant] went inside his home. Witnesses told police that [Hurt] attempted to convince [defendant] to come back outside, but after failing in his attempts, [Hurt] went about his business that day. Then, [defendant] left his house and went back to the street armed with a weapon. Thus, the facts show that [defendant] had time to retreat, and did not have to go back outside armed with a weapon. Additionally, there is ample other evidence of [defendant's] guilt, such as several incriminating statements made by [defendant] to police after his arrest.

In addition, the judge observed that when he denied defendant's motion to withdraw his guilty plea, he found that defendant had not raised a colorable claim of self-defense. In ruling on that motion, the judge stated that any immediate need to use force had been dissipated by the passage of time and defendant's removal from the scene. The record therefore supports the judge's finding that counsel's decision to negotiate a plea agreement was within the range of reasonable professional assistance.

Judge DeLury further found that even if defendant had satisfied the deficiency prong of the Strickland/Fritz test, he still failed to show that he would not have pled guilty and would have instead insisted upon going to trial. See Nunez-Valdez, supra, 200 N.J. at 139 (citing DiFrisco, supra, 137 N.J. at 457). As the judge noted, defendant had to show that it would have been

"rational under the circumstances" for defendant to reject the plea agreement. State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284, 297 (2010)).

The judge noted that defendant faced a charge of murder, which carried the possibility of a life sentence. N.J.S.A. 2C:11-3(b)(4). The State's plea offer allowed defendant to plead guilty to an amended charge of aggravated manslaughter. In exchange, the State would recommend an aggregate sentence of fifteen to twenty years of incarceration, subject to NERA, with dismissal of the other charges in Indictment No. 12-12-2900, and the charges in two other indictments.

The record supports the judge's finding that defendant failed to show that, were it not for counsel's alleged deficiencies, there was a reasonable probability he would not have pled guilty and would have insisted upon going to trial. The judge noted that counsel had negotiated a favorable plea agreement. Under the circumstances, it would not have been rational for defendant to reject the plea agreement and insist upon a trial.

In addition, the judge rejected defendant's claim that he did not enter a knowing and voluntary plea because of his attorney's deficient handling of the matter. The judge noted that in the plea colloquy, defendant had stated that he was pleading guilty because

10                                                          A-5274-15T4

he believed he was guilty. Defendant stated on the record that he was entering his plea voluntarily.

In the plea colloquy, defendant also stated no one had forced or threatened him to plead guilty. The judge reviewed the plea form with defendant, and the judge informed defendant that he was giving up important rights, including the right to claim that he shot Hurt in self-defense. Defendant told the court he wanted to plead guilty. The judge properly rejected defendant's claim for PCR that his attorney had been deficient in allowing him to plead guilty.

We therefore conclude that the record supports the PCR court's determination that defendant failed to present a prima facie claim of ineffective assistance of counsel. The judge correctly found that defendant was not entitled to an evidentiary hearing on his PCR petition.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5274-15T4